NO. 07-09-0240-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 18, 2010

_____

KERSHNER TRADING GROUP, L.L.C.,

Appellant

v.

DELL USA, L.P.,

Appellee

_____

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-07-001509; HONORABLE STEPHEN YELENOSKY, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is an appeal by Kershner Trading Group, L.L.C. (Kershner) from a final summary judgment denying it recovery from Dell USA, L.P. The former had sued the latter to recover damages allegedly arising from the breach of a sublease agreement. That is, Kershner had subleased office space from Dell and acquired a right of first refusal to lease "rentable space." It attempted to exercise the right during the last year of its extended leasehold. The space contemplated was that which it currently occupied. Apparently, Dell entered into negotiations with St. Jude's

S.C. to rent the area occupied by Kershner once the latter's term ended. Those negotiations resulted in an agreement being reached by the sublessor and prospective sublessee. When Kershner became aware of the accord, it attempted to exercise its right of first refusal. Dell rebuffed Kershner's effort and concluded its transaction with St. Jude's instead. This led to Kershner initiating suit for breach of contract.

Kershner asks us to hold that the trial court misinterpreted the wording of the sublease and erred in granting Dell's motion for summary judgment. Dell believes that the trial court erred in denying it attorney's fees against Kershner. We conclude that the trial court was correct in both respects and affirm its judgment.

*Applicable Law*

The task we face is rather simple. Kershner does not suggest that material issues of fact precluded the entry of summary judgment. Rather, it posits that the trial court erred in construing that portion of the sublease encompassing the right of first refusal. So, the sum and substance of our job is to resolve a question of law, *see Golden Spread Elec. Coop. v. Denver City Energy Assoc., L.P.*, 269 S.W.3d 183, 186 (Tex. App.–Amarillo 2008, pet. denied) (stating that construing an unambiguous contract encompasses a question of law), through the application of various rules of construction. The foremost of those rules is that requiring us to uncover the intent of the parties and effectuate that intent. *Id.* at 186-87. To do so, we peruse the language of the contract itself and afford the words written by the parties their plain, ordinary, and generally accepted meaning, unless the instrument requires otherwise. *Id.* Moreover, our obligation does not grant us the authority to rewrite the agreement for the parties.

2

*Id.* at 187; *Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 26 (Tex. App.–Amarillo 2000, no pet.).

*Application of Law*

The contractual provision invoked by Kershner reads:

> 4. Right of First Refusal. Subject to Subsection B below, [Dell] hereby grants to [Kershner] for the term of the Sublease a continuing right of first refusal to sublease any rentable space situated on the ground floor of the Building (the '***ROFR Space***'), to be exercised in accordance with Subsection A below.

> A. If at any time during the Sublease Term Sublessor receives a bona fide letter of interest (or other offer which Sublessor is willing to accept) from any third party for the sublease of any ROFR Space, Sublessor shall so notify Sublessee . . . identifying the ROFR Space . . . and the terms and conditions under which such third party has agreed to sublease the Subject ROFR Space. Sublessee shall notify Sublessor within ten (10) days of receipt of Sublessor's ROFR Notice whether it desires to sublease the Subject ROFR Space on terms and conditions similar to those contained in Sublessor's ROFR Notice. If Sublessee does not notify Sublessor within said 10-day Period . . . , Sublessee shall be deemed to have refused the . . . Space and Sublessor shall be free to sublease such space to such third party. If Sublessee exercises its right . . . Sublessor and Sublessee shall . . . enter into a sublease agreement substantially identical to this Sublease, but containing the terms and conditions specified in Sublessor's ROFR Notice.

(Emphasis in original). Missing from the contract is a definition of "rentable space." This is of import for depending upon what it means the ROFR may not encompass circumstances like those at bar.

Of course, the word "rentable" is an adjective, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 991 (10th ed. 1995) (modifying the word "space"). It is commonly interpreted as referring to property "capable of being rented," WEBSTER'S REVISED UNABRIDGED

3

DICTIONARY 1218 (1913 ed.); Wordnik: All the words, http://www.wordnik.com (last visited May 6, 2010) (defining rentable); One Look Dictionary Search, http://www.onelook.com (last visited May 6, 2010) (defining same), "that is able or fit to be rented," Ultralingua: For people who love languages, http://www.ultralingua.com (last visited May 6, 2010) (defining same); RhymeZone: rhyming dictionary and thesaurus, http://www.rhymezone.com (last visited May 6, 2010) (defining same), and "that may be rented," AMERICAN DICTIONARY OF THE ENGLISH LANGUAGE, http://1828.mshaffer.com (last visited May 6, 2010) (defining same). Within each definition lies the notion of the property's susceptibility to being leased. Lands having already been rented by that company cannot be again rented during the lease term for present possession has passed to another. So, they are not capable of being rented. Thus, we construe the phrase "rentable space" as encompassing area that Dell had yet to sublease and was currently available for subleasing to someone. Thus, the office space involved in the negotiations between Dell and St. Jude's fell outside the scope of the phrase since it was currently subleased to Kershner and not capable of being leased to someone else. Given this, we overrule each of Kershner's issues for there was no breach of contract nor right to attorney's fees arising from a breach of contract.

As for Dell's contention that it was entitled to attorney's fees from Kershner, it is founded upon a provision contained in the master lease between Las Cimas and Dell. The former apparently owned the property in question, leased it to Dell, and allowed Dell to sublet it to others. Per the master lease, Dell agreed to pay Las Cimas attorney's fees should Las Cimas prevail in any contractual dispute between it and Dell. And, according to Dell, because Kershner expressly agreed to comply with and perform

the obligations of Dell under the master lease Kershner obligated itself to pay attorney's fees to Dell should it prevail in any dispute between it and Dell. This is inaccurate for literal application of the contractual provision at most obligated Kershner to pay attorney's fees Dell may have owed Las Cimas. And, because the fees sought by Dell at bar were not those relating to a controversy between it and Las Cimas, Kershner had no duty to pay them. The issue is overruled.

We affirm the judgment of the trial court.


Per Curiam